Eminent domain; taking; limitation of actions; notice of condemnation proceedings; res judicata; adverse possession. — The plaintiffs now before the court allege in their petition that they are the true owners of Padre Island, an island that was obtained by the United States pursuant to eminent domain proceedings for use as a national seashore park. On September 12,1973 the court issued the following order :*
Before Davis, Presiding Judge, Nichols and Bennett, Judges.
“This case comes before the court on the defendants’ motion for summary judgment, having been submitted to the court on the briefs and accompanying papers of the parties. Upon consideration thereof, the court concludes as follows:
“(1) The plaintiffs’ claim to the lands covered by the first complaint and declaration of taking, filed June 16, 1965, which covered parcels 2, 3, 4, 5, 6, 8, 9, 10, and 11 of Padre Island, is barred by the court’s 6-year statute of limitations. 28 U.S.C. § 2501. This result is mandated by the fact that title to these parcels of land vested in the United States, no later than July 7, 1965, the day on which the district court in condemnation issued an order of possession to the United States. 40 U.S.C. §258a; United States v. Miller, 317 U.S. 369, 381 (1943). The plaintiffs’ cause of action with respect *1115 to these parcels accrued on the date of taking, which, was more than 6 years prior to the filing of the petition in this case on November 16,1971. The plaintiffs’ claim with respect to parcels 7 and 12, covered by the second declaration of taking, filed December 22,1965, is not barred by limitations and is, therefore, open to further consideration.
“(2) The remainder of the case is remanded to the Trial Division for further proceedings to be directed to the factual issue of precisely what notice these plaintiffs received of the 1965-68 district court condemnation proceedings, whether by publication or otherwise. This should be done with an eye toward drawing the initial legal conclusion as to whether such notice meets the general standards expressed in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and binds these plaintiffs to the district court decision, or if this case otherwise fits the holding of the Court in United States v. Dunnington, 146 U.S. 338 (1892). Eesolution of these issues may be dispositive of the case as a whole.
“(3) The remainder of the case is likewise reminded to the Trial Division for consideration of the alternative basis for dismissing the entire petition based on the res judicata effect to be attached to the decision in Havre v. Dunn, 103rd District Court, Cameron County, Texas (1928). Since that decision concerned the issue of title to the same lands now at issue in this case between the same or similar parties, the Trial Division is instructed to ascertain which of the parties involved in Havre v. Dunn are the same parties, or privies of the same parties, now before the court and, therefore, may be barred by the doctrine of res judicata from maintaining this action. RestatemeNt oe Judgments §§82, 83 (1942). Such inquiry should also examine the problem of which parties were specifically bound by the Havre v. Dunn decision in 1928, including the problem of whether all the parties received the proper notice by publication needed to bind them in that suit.
“ (4) The remainder of the case is likewise remanded to the Trial Division for the purpose of holding further proceedings with respect to the issue of whether these plaintiffs have lost, by operation of the doctrine of adverse possession under Texas law, any title they may have had in the property still *1116 in question. This inquiry should include an examination of those facts critical to the issues of adverse possession under Texas law (dates of last actual possession by the various plaintiffs, the nature and extent of that possession, etc.).
“(5) Eesolution of the issue of whether the parties Virginia Jones Mullin, et al., should be joined in this action will be deferred until squarely presented for consideration pursuant to a motion to implead these parties, or on the parties’ own motion to intervene.”

A memorandum accompanying this order has not been included In this report.